UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JAMES K., | Case No.:  25-cv-1993-BJC-GC |
| Plaintiff, | **ORDER AFFIRMING DENIAL OF BENEFITS** |
| v. | |
| FRANK BISIGNANO, Commissioner of Social Security Administration, | |
| Defendant. | |

Plaintiff Scott James K. seeks review of the Commissioner of Social Security Administration's ("SSA") denial of his application for disability benefits. ECF No. 1. Currently before the Court is Plaintiff's Merits Brief, Defendant's Responsive Brief, and Plaintiff's Reply.  ECF. Nos. 14-16.  For the reasons outlined below, the Court AFFIRMS the SSA's denial of benefits.

## I.    Background and Procedural History

On March 4, 2022, Plaintiff, who was born on November 15, 1986,  filed a Title XVI application for supplemental security income.  Administrative Record ("AR") 224-233. On April 14, 2022, Plaintiff filed a Title II application for a period of disability and disability insurance benefits.  AR 238-39.  Plaintiff alleged he was disabled as of June 1, 2016, and stopped working because of his medical condition.  AR 225.  The SSA denied

1

25-cv-1993-BJC-GC

his application initially and on reconsideration.  AR 72-84, 85-97, 99-110, 111-122. Plaintiff requested and received a hearing before an Administrative Law Judge ("ALJ"). AR 153-54, 35-56, 57-70.  The ALJ found plaintiff not disabled.  AR 15-34.  The Appeals Counsel denied Plaintiff's request for review, and this case followed.  AR 2-7; ECF No. 1.

**II.     The ALJ's Decision**

The ALJ followed the Commissioner's five-step sequential evaluation process for determining whether an applicant is disabled.  20 C.F.R. § 404.1520(a).  At step one, the ALJ found Plaintiff had "not engaged in substantial gainful activity since June 1, 2016." AR 20.  At step two, the ALJ found Plaintiff had the following medically determinable severe impairments: mood disorder with depression and bipolar traits versus schizoaffective disorder; generalized anxiety disorder; obsessive compulsive disorder.  AR 20.  At step three, the ALJ concluded Plaintiff's impairments, whether considered alone or in combination, do not meet or equal any of the relevant listings in the SSA's Listing of Impairments.  AR 21-22.

Before proceeding to step four, the ALJ determined Plaintiff had the residual functional capacity ("RFC") "to perform a full range of work at all exertional levels but with the following non-exertional limitations: limited to work involving simple routine and repetitive tasks; no more than occasional interaction with supervisors or coworkers; no work-related interaction with general public; requires a stable and habitual work environment with any changes introduced gradually; cannot work in jobs requiring strict production quota or assembly line pace; cannot have work that requires driving motor vehicle as duty of the job; no jobs requiring teamwork or tandem work."  AR 23.  At step four, the ALJ concluded Plaintiff had no past relevant work.  AR 27.  At step five, the ALJ accepted Vocational Expert ("VE") opinion testimony and concluded "there are jobs that exist in significant numbers in the national economy that the [Plaintiff] can perform" including a Cleaner II; Industrial Cleaner; and a Router. AR 28.

///

///

25-cv-1993-BJC-GC

### III.    Standard of Review

The Court reviews the ALJ's decision to determine whether the ALJ applied the proper legal standards and whether the decision is supported by substantial evidence. 42 U.S.C. § 405(g); *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012) (quotations omitted), *superseded by regulation on other grounds as stated in Thomas v. Saul*, 830 Fed. App'x 196, 198 (9th Cir. 2020). It is "more than a mere scintilla but, less than a preponderance . . . ." *Garrison v. Colvin*, 759 F.3d 995, 1009 (9th Cir. 2014) (quoting *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007)).

The Court "must consider the entire record as a whole and may not affirm simply by isolating a specific quantum of supporting evidence." *Ghanim v. Colvin*, 763 F.3d 1154, 1160 (9th Cir. 2014) (internal quotation omitted). The Court may not impose its own reasoning to affirm the ALJ's decision. *See Garrison*, 759 F.3d at 1010. "[I]f evidence exists to support more than one rational interpretation, [then the Court] must defer to the [SSA]'s decision." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193 (9th Cir. 2004) (citing *Morgan v. Comm'r of the SSA*, 169 F.3d 595, 599 (9th Cir. 1999). The Court will not reverse the ALJ's decision if any error is harmless. *Marsh v. Colvin*, 792 F.3d 1170, 1173 (2015) ("ALJ errors in social security cases are harmless if they are inconsequential to the ultimate nondisability determination and that a reviewing court cannot consider [an] error harmless unless it can confidently conclude that no reasonable ALJ . . . could have reached a different disability determination.") (internal citations and quotations omitted).

### IV.    Discussion

Plaintiff argues the ALJ committed legal error (1) at step three by "not addressing paragraph C as required by 20 CFR 1520a;" and (2) by "not developing the record by not

25-cv-1993-BJC-GC

addressing Psychiatrist Melvin Melden."[1]  ECF No. 6. The Court addresses the alleged errors in turn.

### A.    The ALJ did not Err in Evaluating "Paragraph C" Criteria

Plaintiff argues at step three "the ALJ summarily concluded that 'the record fails to document the existence of any of [the paragraph C] criteria,'" and this conclusion is "inadequate" because it is "devoid of any analysis of Plaintiff's treatment history."  ECF No. 14 at 7.  Defendant counters the "Court [can] meaningfully evaluate the ALJ's consideration of the mixed evidence of Plaintiff's activities and mental health treatment history in the paragraph B findings and elsewhere" in his opinion and, therefore, "[t]he Court should affirm" the decision.  ECF No. 15 at 6.

In determining whether a claimant equals a listing under at Step Three, "the ALJ must explain adequately his evaluation of alternative tests and the combined effects of the impairments." *Marcia v. Sullivan*, 900 F.2d 172, 176 (9th Cir. 1990).  The ALJ must follow a special technique to evaluate symptoms and rate their functional limitations in determining whether a mentally impaired claimant meets a listed impairment.  20 C.F.R. § 404.1520a(a).  The ALJ must consider: (1) whether specific diagnostic criteria are met ("paragraph A" criteria); and (2) whether specific impairment-related functional limitations are present ("paragraph B" and "paragraph C" criteria)."  20 C.F.R. § 404.1520a(b).  "The 'paragraph A' criteria substantiate medically the presence of a particular mental disorder." *Jessica B. v. Comm'r of Soc. Sec.*, 2019 WL 850954, at *4 (E.D. Wash. Jan. 30, 2019).  "The paragraphs B and C criteria describe impairment-related functional limitations that are incompatible with the ability to do any gainful activity." *Id*.

---

[1] Plaintiff concludes his brief with a brief discussion of the Credit as True Doctrine, but he does not directly challenge the ALJ's subjective symptom analysis and has waived any argument based thereon. *See Nadon v. Bisignano*, 145 F.4th 1133, 1138 (9th Cir. 2025) (claimant forfeited argument ALJ did not provide sufficient reasons for discounting opinions of healthcare professionals, where claimant did not challenge ALJ's reliance on them).

25-cv-1993-BJC-GC

A claimant must satisfy (1) paragraphs A and B, or (2) paragraphs A and C to meet or equal the listings applicable to Plaintiff's claim [12.03 (schizophrenia spectrum and other psychotic disorders), 12.04 (depressive, bipolar and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders)].[2]  20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(A)(2).

Paragraph C requires the claimant's mental disorder be "serious and persistent," meaning the claimant has "a medically documented history of the existence of the disorder over a period of at least 2 years," and there is evidence of both:

> (C1) Medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s) that is ongoing and that diminishes the symptoms and signs of your mental disorder [ ]; **and**

> (C2) Marginal adjustment, that is, you have minimal capacity to adapt to changes in your environment or to demands that are not already part of your daily life.

20 C.F.R., Pt. 404, Subpart P, App. 1, §§ 12.03, 12.04, 12.06 (emphasis added).

The first criterion is satisfied when the evidence shows the claimant relies "on an ongoing basis, upon medical treatment, mental health therapy, psychosocial support(s), or a highly structured setting(s), to diminish the symptoms and signs of [the claimant's] mental disorder."  *Id.* at § 12.00(G)(2)(b).  The second criterion is satisfied "when the evidence shows that, despite [the claimant's] diminished symptoms and signs, [the claimant] ha[s] achieved only marginal adjustment."  *Id.* at § 12.00(G)(2)(c).  "Marginal adjustment" means that the claimant's "adaptation to the requirements of daily life is fragile; that is, [the claimant] ha[s] minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life."  *Id.*

The ALJ analyzed whether Plaintiff met listings 12.03 (schizophrenia spectrum and other psychotic disorders), 12.04 (depressive, bipolar and related disorders), and 12.06 (anxiety and obsessive-compulsive disorders).  AR 21.  Apparently, assuming the existence

---

[2] The ALJ determined Plaintiff did not satisfy the "paragraph B" criteria and that determination is not contested.  AR 21-22.

25-cv-1993-BJC-GC

of the "paragraph A" criteria, the ALJ first determined Plaintiff did not satisfy the "paragraph B" criteria. AR 21-22. The ALJ then turned to the "paragraph C" criteria and stated:

> The undersigned has also considered whether the "paragraph C" criteria are satisfied. In this case, the evidence fails to establish the presence of the "paragraph C" criteria.

AR 22.

The ALJ's "paragraph C" evaluation is insufficient to inform the Court which of the C1 or C2 criteria the ALJ concluded was not met, and why. However, while he fails to discuss "paragraph C" criteria, the ALJ conducted a detailed analysis of Plaintiff's mental condition that supports his "paragraph C" conclusion. AR 24-26. Although "a boilerplate finding is insufficient to support a conclusion that a claimant's impairment does not meet or equal a listing," and the ALJ must "discuss and evaluate the evidence that supports his or her conclusion," the ALJ is not required to "do so under the heading 'Findings.'" *Christopher J. v. Comm'r of Soc. Sec.*, 2025 WL 967123, at *8 (S.D. Cal. Mar. 27, 2025) (quoting *Lewis v. Apfel*, 236 F.3d 503, 513 (9th Cir. 2001)); *see also Tahnee M. v. Kijakazi*, No. 22-CV-00257-BEN-JLB, 2023 WL 4624698, at *21 (S.D. Cal. July 19, 2023) ("[A]n ALJ can evaluate the medical record in a separate section before concluding whether a [claimant] meets the Paragraph C requirements.")

To satisfy C2 a plaintiff must demonstrate that "despite [his] diminished symptoms and signs, [he has] achieved only marginal adjustment[ ]," meaning "that his adaption to the requirements of daily life is fragile; that is [he has] minimal capacity to adapt to changes in [his] environment or to demands that are not already part of [his] daily life." 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00(G)(2)(c). A plaintiff can demonstrate marginal adjustment "when the evidence shows that changes or increased demands have led to exacerbation of [plaintiff's] symptoms and signs and to deterioration in [plaintiff's] functioning." 20 C.F.R. Pt. 404, Subpt. P, App'x 1, § 12.00G(2)(c).

Here, the ALJ first reviewed and discussed Plaintiff's mental health status in 2019, noting "[o]n October 9, 2019, [Plaintiff] presented to [the] emergency department at Tri-

Medical Center complaining of feelings paranoia, depression, and anxiety," and he was discharged after "medical staff determined [he] did not meet the criteria for a 5150 hold." AR 24 (citing AR 400-402). The ALJ also considered Plaintiff's nine-day admission to Palomar Medical Center from November 16 to 25, 2019, under a 5150 hold after expressing suicidal ideation. AR 24-25 (citing AR 419-71). The ALJ noted Plaintiff's urine tested positive for alcohol use, and "medical staff reported [Plaintiff] appeared to be acutely withdrawing from alcohol use" and "would benefit from remaining compliant on his medication regimen while abstaining from mood altering substances." *Id.* The ALJ also considered treatment notes from a December 20, 2019 mental health consultation, when Christina Lamb, FNP, observed Plaintiff's "anxious affect, irritable mood, and tangential thought process." AR 25 (citing AR 488).

The ALJ then addressed subsequent medical records that indicate medication and treatment administered after 2019 were effective in treating Plaintiff's symptoms. *See* AR 25 (citing AR 485, June 1, 2020 mental status exam where Plaintiff "was doing well on current medications" and "feeling stable," and Rachel Hueftle, NP, observed he "had restricted affect, but interacted well and had speech with normal rate and rhythm," "no psychomotor abnormalities, linear thought process, and fair capacity to make sound, reasoned, and responsible decisions"); *Id.* (citing AR 482, January 28, 2021 "[t]reatment notes show [Plaintiff] was not having any hallucinations and had mild anxiety and depression, but was tolerable and . . . was able to function in daily life. [Plaintiff] reported no complaints on the day of the appointment and stated he had "been feeling great."); AR 26 (citing AR 512, September 25, 2023 "[t]reatment notes show [Plaintiff] was doing well and denied depression but reported some anxiety. . . . Christina Lamb, FNP, reported [Plaintiff] had restricted mood and affect, but interacted well, had normal speech, . . . no psychomotor abnormalities. . . linear thought process, fair insight, and fair judgment."); *Id.* (citing AR 527, June 10, 2024 "[t]reatment notes show [Plaintiff] was sad with some depression, but manageable, . . . was socializing with friends and had a stable mood. In a mental status exam, Ms. Lamb reported restricted mood and affect, but [Plaintiff] interacted

7

25-cv-1993-BJC-GC

well, had normal speech, and no psychomotor abnormalities.  In addition, Ms. Lamb reported fair energy, linear thought process, fair insight, and fair judgment.").

The ALJ also considered Psychiatrist Russel Lim, MD's examination of Plaintiff on January 28, 2024.  *See* AR 24 (citing AR 522-25 observing Plaintiff's "mood was slightly depressed, despairing, and irritable," he "did not exhibit looseness of association, thought disorganization, flight of ideas, thought blocking, tangentiality, or circumstantiality," "had no (paranoid, bizarre, persecutory or religious) delusions," and "was alert, oriented to time, place, person and purpose.").  The ALJ also noted Dr. Lim "found [Plaintiff's] ability to follow simple, oral and written instruction was moderately limited; [his] ability to follow detailed instruction was moderately limited; [his] ability to interact appropriately with the public, co-workers and supervisors was moderately limited; [his] ability to comply with job rules such as safety and attendance was moderately limited; [his] ability to respond to changes in a routine work setting was moderately limited; [and his] ability to respond to work pressure in a usual work setting was mildly limited."  AR 27 (citing AR 525).  Moreover, as the ALJ commented, "there are no treating medical sources in the record opining [Plaintiff] has disabling limitations."  AR 27.

Because the ALJ's evaluation of the evidence reveals Plaintiff did not demonstrate marginal adjustment, substantial evidence supports the ALJ's conclusion that the paragraph C criteria was not satisfied.  *See Christopher J.*, 2025 WL 967123, at *8 (S.D. Cal. Mar. 27, 2025) (holding the ALJ's "boilerplate language" conclusion regarding "paragraph C" was supported by substantial evidence where "the ALJ's evaluation of the evidence reveal[ed] that Plaintiff had not demonstrated marginal adjustment"); *see also Sullivan v. Zebley, 493 U.S. 521, 532 (1990)* (a claimant must meet all criteria to satisfy paragraph C).  Accordingly, the Court finds that the ALJ did not err in assessing the "paragraph C" criteria.

///

///

///

25-cv-1993-BJC-GC

**B.      The ALJ did not Err in his review of Psychiatrist Melvin Melden, M.D.**

Plaintiff argues "the ALJ failed to address the psychiatric evaluation of Dr. Melden," who treated Plaintiff since 2019, and whose diagnosis includes schizoaffective disorder, bipolarity, anxiety, and severe depression.  ECF No. 14 at 9-10.  This argument, however, is factually inaccurate because the ALJ addressed numerous records from Dr. Melden and other practitioners within his practice, Crownview Medical Group.  AR 25-26 (citing AR 482, 485, 488, 512, 527).

Plaintiff also argues the ALJ had a duty to develop the record through a subpoena or interrogatories to Dr. Melden.  ECF No. 14 at 9-12.  Defendant contends the ALJ's RFC is supported by substantial evidence.  ECF No. 15 at 6-9.

The ALJ has a special duty to fully and fairly develop the record and to ensure a claimant's interests are considered even when the claimant is represented by counsel.  *See Garcia v. Comm'r of Soc. Sec.*, 768 F.3d 925, 930 (9th Cir. 2014); *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001); *Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir. 1996).  "In cases of mental impairments, this duty is especially important."  *DeLorme*, 924 F.2d at 849; *see also Tonapetyan*, 242 F.3d at 1150 ("The ALJ's duty to develop the record fully is also heightened where the claimant may be mentally ill and thus unable to protect her own interests.").  However, an ALJ's duty to further develop the record is triggered only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence.  *Mayes v. Massanari*, 276 F.3d 453, 459-60 (9th Cir. 2001).

As the ALJ acknowledged, Dr. Melden did not offer any assessment of Plaintiff's functional limitations.  *See* AR 27 ("[T]here are no treating medical sources in the record opining [Plaintiff] has disabling limitations.").  A functional assessment was rendered by Dr. Lim.  AR 517-26.  The ALJ did not have a duty to further develop the record to obtain Dr. Melden's functional assessment, because the record is neither ambiguous, nor incomplete.  *See Tahnee M.*, 2023 WL 4624698, at *10 ("The mere absence of a report from a treating or examining physician does not give rise to a duty to develop the record."); *see also Bayliss v. Barnhart*, 427 F.3d 1211, 1217 (9th Cir. 2005) (ALJ **"**did not have a

9

25-cv-1993-BJC-GC

duty to recontact the doctors" when the ALJ, "with support in the record, found the evidence adequate to make a determination regarding [the claimant's] disability").

## V.    Conclusion

Based on the foregoing, the Court AFFIRMS the SSA's denial of benefits.

IT IS SO ORDERED.

Dated:  April 17, 2026

Honorable Benjamin J. Cheeks
United States District Judge

10

25-cv-1993-BJC-GC